**Darryl EVERSOLE, Plaintiff–Appellant,**

v.

**H.L. PALMER, trustee of the H.L. Palmer Revocable Living Trust, Defendant–Appellee.**

No. 05–56184.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2007.*

Filed June 19, 2007.

Mark D. Potter, Esq., Center for Disability Access, LLP, San Marcos, CA, for Plaintiff–Appellant.

Leon L. Vickman, Esq., Encino, CA, for Defendant–Appellee.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM **

Darryl Eversole appeals the fee award in his Title III ADA suit against H.L. Palmer. We affirm the district court's calculation of the lodestar figure, but reverse deductions from it.

## I

Palmer questions Eversole's right to proceed on two grounds, neither persuasive. First, Palmer did not waive his right to appeal. *Shaver Transp. Co. v. Chamberlain,* 399 F.2d 893, 895 (9th Cir.1968) (holding that it is not inconsistent with a challenge to the adequacy of a judgment award to claim the partial relief granted by it). Second, the issue of prior notice is not properly before us, as Palmer failed to raise it in the district court and filed no cross-appeal in this court.

## II

We cannot say that the district court abused its discretion in arriving at a reasonable lodestar figure in any of the respects asserted. The court gave reasons for finding excessive the number of hours that were billed given a straightforward case, and no authority requires it to identify individual tasks that should have been accomplished more quickly.

However, the court's explanations for a 20% reduction from the lodestar figure are subsumed within its determination of a reasonable hourly rate for a reasonable number of hours. Thus, having already factored the small amount of time the case required into its lodestar amount, the court should not have further reduced the lodestar for that same reason. Similarly, simplicity of the issue may not be used to decrease an award below the reasonable lodestar fee. *Quesada v. Thomason,* 850 F.2d 537, 539 (9th Cir.1988). Other bases upon which the court reduced the lodestar were likewise taken into account when it arrived at the reasonable number of hours or the hourly rate reasonably charged, or were without support in the record. Finally, that only a small damages amount was recovered on Eversole's state law claim, and none on his Title III claim, is immaterial as damages are not available under Title III but attorneys fees are. *See Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730–31 (9th Cir.2007).

Each party shall bear their own cost.

AFFIRMED IN PART; REVERSED IN PART.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.